NEWTON D. STRONG *et al.*, appellants, *v.* LEWIS J. CLAWSON, appellee.

*Appeal from Madison.*

A Court of Equity has jurisdiction in the adjustment of unsettled accounts between partners.

Bankrupts, who by their discharge have been divested of all liability, or interest in the subject matter of a suit, are competent witnesses in such suit.

It is a well settled principle, that by a decree of bankruptcy, the assignee succeeds immediately to all the rights and interest of the bankrupt to precisely the same extent that the bankrupt himself had, subject to and affected by, all the equities, liens and incumbrances existing against them in the hands of the bankrupt. The same rule applies to the purchaser at an assignee's sale of the bankrupt's effects.

BILL IN CHANCERY, &c. in the Madison Circuit Court, filed by the appellants against the appellee.

The bill averred that John Sigerson and Enos H. Harrison, of the firm of Sigerson & Harrison and the appellee became partners for the purchase and shipment of corn, oats and flour, and accordingly made purchases and shipments of those articles to Wallace Sigerson, of New Orleans; that the consignee remitted the net proceeds of the sales; that the appellee was interested in one third, and Sigerson & Harrison in two thirds, in the profit and loss of the shipments; that there was a loss on the corn and oats of $507·06, and on the whole shipment, of $570·75, which was paid by Sigerson & Harrison solely; that the appellee was duly notified of such loss and requested to pay his proportion, which he refused to do, and the claim was placed in the hands of the appellants for collection; that Sigerson & Harrison, being at that time indebted to the appellants for legal services in the sum of $120, assigned their claim against the appellee to secure their indebtedness and expenses of collection, the balance to be paid over to them; that Sigerson & Harrison subsequently became bankrupts, and that their residuary interest in said claim coming to the hands of the assignee in bankruptcy, he offered the same at public sale subject to the appellants' claim, and the appellee, who had previous notice of such claim, became the purchaser at six and one fourth cents. The claim against the appellee was $190·25.

Appellants prayed that Clawson be decreed to pay them the aforesaid sum of $120, and a reasonable amount for expenses of collecting said claim, &c.

The depositions of Sigerson & Harrison, among others, were read in evidence on the hearing at the August term, 1847, the Hon. Gustavus P. Koerner presiding, when the bill was dismissed.

The allegations of the bill were substantially proved, and the leading facts are briefly adverted to in the Opinion of this Court.

*H. W. Billings & L. Parsons,* Jr. for the appellants.

1. An assignee in bankruptcy succeeds to all the effects of the bankrupt and takes subject to all liens and incumbran-

ces existing against them in the hands of the bankrupt. *Talcott* v. *Dudley,* 4 Scam. 435, and cases there cited.

2. The purchaser at a bankrupt sale of a chose in action, takes subject to all equities it was subject to in the hands of the bankrupt, and the doctrine of *caveat emptor* applies in full force. *Murray* v. *Lylburn,* 2 Johns. Ch. R. 443-4; *Mitford* v. *Mitford,* 6 Vesey, 100; 1 Atkins, 162; *Clason* v. *Morris,* 10 Johns. 439; *England* v. *Clark,* 4 Scam. 489; *ex parte* Herbert, 13 Vesey, 187; *Webster* v. *Wise,* 1 Paige, 320; *Hawley* v. *Cranmer,* 4 Cowen, 718.

3. This suit was properly brought in Chancery. The remedy of one partner against another, when no balance has been struck, is in Equity and not in Law. *Kennedy* v. *M'Fadon,* 3 Har. & Johns. 197; *Harly* v. *Cram,* 4 Cowen, 719; *Southgate* v. *Montague,* 1 Paige, 41. Partnership transactions form a special branch of Chancery jurisdiction. 1 Story's Eq. § 663, &c.; *McLanahan* v. *Elery,* 3 Mason, 269; and 2 Barb. Dig. 356-7; *Duncan* v. *Lyon,* 3 Johns. Ch. R. 360.

4. It is too late to object to the testimony of Sigerson and Harrison at the hearing. *Town* v. *Needham,* 3 Paige, 551-2; *Neville* v. *Demint,* 1 Green's. Ch. R. 44; 4 Barb. & Harr. Dig. 736, § 7, &c.

*W. Martin,* for the appellee.

The Opinion of the Court was delivered by

CATON, J. Although the want of jurisdiction was earnestly pressed by counsel, yet it seems to us that of all others, this bill states a case peculiarly within the jurisdiction of a Court of Equity. The complainants are the assignees of an account as collateral security for a pre-existing debt, of two members of a special partnership, against a third for the defendant's proportion of losses, sustained in the adventure, and paid by the other two, and the assignors have become bankrupt since the assignment, and their residuary interest in the account, amounting to $70·25, sold by the assignee in bankruptcy, and bid in by the defendant him-

Strong *et al. v.* Clawson.

self. As one of the objects of the bill is to adjust an unsettled account among partners, the jurisdiction of a Court of Equity is undoubted. As the complainants are seeking to enforce an equitable interest in the account, which a Court of Law would not recognize, they are driven to a Court of Chancery for redress. And then, again, the defendant became the purchaser at a sale which conveyed the legal title of a residuary interest in an account against himself. In this Court alone could the complainants enforce their rights.

Nor were Sigerson & Harrison incompetent witnesses as was argued for the defendant. By their discharge in bankruptcy, their liability to the complainants ceased, and it was no interest to them whether anything should be recovered from the defendants or not. Admitting that they did not schedule Strong & Hall's debt, it was still extinguished by their discharge, unless it was fraudulently omitted, which is not established by the evidence.

But it was insisted that the defendant was a *bona fide* purchaser of this demand at the assignee's sale. But this is not so. Admitting that he had no notice of the complainant's interest in the demand, still he took it subject to all the equities existing against it in the hands of the bankrupts. This question was fully settled by this Court in the case of *Talcott v. Dudley*, 4 Scam. 427, and it is unnecessary to review the authorities again. In that case, this Court said : "I take it to be a well settled principle of law, that by a decree of bankruptcy, the assignee succeeds immediately to all the rights and interests of the bankrupt to just the same extent that the bankrupt himself had, subject to and affected by all the equities, liens and incumbrances existing against them in the hands of the bankrupt," and the same rule applies to the purchaser at the bankrupt sale, as will be found by an examination of the cases referred to and relied upon by the Court in that case.

The defendant admits that he was interested in the shipment of corn, but denies his connection with the operation in oats and flour. The allegations of the bill are, however,

sustained by Sigerson & Harrison. They both state clearly and unequivocally, that Clawson was interested with them to the amount of one third in all those shipments, and that by their copartnership agreement, he was to share one third of the profits, and to sustain one third of the losses. The evidence also shows that the losses sustained amounted to $570·75, which were borne by Sigerson & Harrison, Clawson's proportion of which was $190·25. The evidence of all this is so clear that it is unnecessary to set it out particularly. This account Harrison swears he assigned to the complainants to pay a debt due to them from Sigerson & Harrison, the amount of which, however, he does not recollect, nor do we find it sufficiently ascertained in any other part of the record. As the complainants clearly show themselves entitled to relief, the decree of the Circuit Court must be reversed, with costs; but as the amount to which they are entitled is not shown, the record will have to be remanded, with directions to the Circuit Court to refer it to a Master, to ascertain and report the amount of the debt due from Sigerson & Harrison to the complainants, to secure which this account was assigned, and upon the coming in and confirmation of the report, to enter a decree thereon in favor of the complainants against Clawson for the amount.

*Decree reversed.*